1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  RANDY JOE SKAINS,                        CASE NO. 1:08-cv-01752-DLB PC

10                        Plaintiff,         ORDER DISMISSING ACTION, WITH
                                             PREJUDICE, FOR FAILURE TO STATE A
11        v.                                 CLAIM UNDER SECTION 1983

12  JAMES YATES, et al.,                     (Doc. 8)

13                        Defendants.        ORDER COUNTING DISMISSAL AS A
                                             STRIKE UNDER 28 U.S.C. § 1915(g)
14
15  _____/

16                                    **Screening Order**

17  **I.     Screening Requirement**

18        Plaintiff Randy Joe Skains, a state prisoner proceeding pro se and in forma pauperis, filed

19  this civil rights action pursuant to 42 U.S.C. § 1983 on November 17, 2008.  The Court is required

20  to screen complaints brought by prisoners seeking relief against a governmental entity or officer or

21  employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or

22  portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to

23  state a claim upon which relief may be granted, or that seek monetary relief from a defendant who

24  is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any

25  portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

26  determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."

27  28 U.S.C. § 1915(e)(2)(B)(ii).

28  ///

                                          1

1    On March 19, 2009, the Court dismissed Plaintiff's complaint, with leave to amend, for

2    failure to state a claim under section 1983.  Plaintiff filed an amended complaint on April 8, 2009.

3    **II.    Summary of Plaintiff's Claims**

4        Plaintiff is currently housed at Salinas Valley State Prison in Soledad.  The events giving rise

5    to this action allegedly occurred at Pleasant Valley State Prison in Coalinga.  Plaintiff brings this

6    action against Warden James Yates, Appeals Coordinator Captain R. Shannon, Sergeant N. Greene

7    and Litigation Coordinator Larry Mackin.

8        Plaintiff alleges that his personal property, including 1800 pages of documents, were taken

9    without any legal action or disciplinary process.  Plaintiff states that he had every right to possess

10   them.  Plaintiff alleges that defendant Yates ignored his inmate appeals, letters and documents

11   demanding their return.  Plaintiff alleges that defendants Shannon and Greene refused to respond to

12   his inmate appeals or court documents.  Plaintiff alleges that defendant Macklin refused to respond

13   to Plaintiff's requests for appeal remedies.

14       Plaintiff alleges that he had filed a small claims action demanding the return of his property.

15   Plaintiff alleges that the claim was dismissed, apparently for failure to exhaust administrative

16   remedies prior to filing suit, because defendants Yates, Shannon and Greene submitted altered

17   documents, and defendant Macklin submitted a declaration that was not accurate.

18       Plaintiff alleges a violation of the Seventh, Eighth and Fourteenth Amendments of the United

19   States Constitution.

20       **A.    Due Process**

21       The Due Process Clause protects prisoners from being deprived of property without due

22   process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected

23   interest in their personal property.  Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However,

24   neither negligent nor unauthorized intentional deprivations of property by state employees

25   "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth

26   Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer,

27   468 U.S. 517, 533 (1984).  Whether negligent or intentional, the loss of Plaintiff's personal property

28   was unauthorized, and California provides an adequate post-deprivation remedy.  Barnett v. Centoni,

31 F.3d 813, 816-17 (9th Cir. 1994) (citing to California Gov't Code sections 810-895).  Therefore,

Plaintiff's claim arising from the deprivation of his property is not cognizable under section 1983.[1]

## B.     Access to the Courts

Plaintiff contends that the loss of his documents resulted in the dismissal of a civil rights action he had filed bearing case number 1:04-cv-05960 OWW WMW PC.  Plaintiff states that in that action he was given thirty (30) days to file an amended complaint, but could not do so because he was missing his copies of the complaint and exhibits.

As Plaintiff was previously notified, inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996).  The right is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354, 2181-82. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).  For backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit."  Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court.  Harbury 536 U.S. at 415, 121 S.Ct. at 2187; Lewis, 518 U.S. at 351, 116 S.Ct. at 2180; Phillips, 477 F.3d at 1076.  The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability." Phillips, 477 at 1077.  Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts.  Id. at 1078-79.

---

[1] Some of the defendants were involved in reviewing and deciding Plaintiff's inmate appeal grieving the loss of his property.  To the extent Plaintiff is attempting to state a separate claim for denial of his appeal, that claim also fails.  The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).

1    Plaintiff fails to state a cognizable claim for denial of access to the courts against the named

2    defendants.  Plaintiff has not sufficiently alleged how defendants' conduct in responding to his small

3    claims court action, or by allegedly ignoring his 602 inmate appeals, was the proximate cause for the

4    dismissal of his civil rights action.  Further, Plaintiff has not alleged that he has no other remedy

5    other than the relief available via this suit.[2]

6    ### C.    Right to Jury Trial

7    Plaintiff alleges that he was deprived of a right to a jury trial, in violation of the Seventh

8    Amendment.  Plaintiff fails to sufficiently allege that any of the named defendants caused  a

9    deprivation of his right to a jury trial.  He fails to state a cognizable claim for violation of the

10   Seventh Amendment.

11   ### D.    Deliberate Indifference

12   Extreme deprivations are required to make out a conditions of confinement claim, and only

13   those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave

14   to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct.

15   995 (1992) (citations and quotations omitted).

16   Refusing to respond to inmate appeals or letters, and displeasure over defendants' conduct

17   during the litigation of Plaintiff's small claims court action, do not constitute deliberate indifference.

18   ## III.  Conclusion and Order

19   Plaintiff's first amended complaint fails to state a claim any claims under section1983.

20   Plaintiff was previously granted leave to file an amended complaint to cure the deficiencies with his

21   claims, but was unable to do so.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

22   Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim

23   under section 1983, and this dismissal SHALL count as a strike under 28 U.S.C. § 1915(g).

24   IT IS SO ORDERED.

25   **Dated:**   __August 25, 2009__              _____ **/s/ Dennis L. Beck** _____
                                                 UNITED STATES MAGISTRATE JUDGE

26

27   ――――――――――――――

28   [2] The Court takes judicial notice that Randy Jose Skains, Sr. vs. J. Klarich et al., bearing case number 1:04-cv-05960-OWW-WMW-PC, was dismissed by order filed November 26, 2006, without prejudice, for failure to prosecute.

4